GLOBAL LEGAL RESOURCES, LLP
Christopher Dryden, Esq.  SBN 234476
James C. Huber, Esq.   SBN 267448
5411 Avenida Encinas, Suite 280
Carlsbad, CA 92008
Telephone: (888) 846-8901
Fax:  (888) 846-8902
E-mail:  cdryden@glrlegal.com

Attorneys for Anthony Riggio, Plaintiff

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY RIGGIO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA BUSINESS BUREAU, INC., a California corporation and DOES 1 through 10.<br><br>Defendants.<br><br>Serve at:<br>Michael J. Sigal, Reg. Agent<br>1711 South Mountain Ave.<br>Monrovia, CA 91017 | CASE NO.: '15CV1289 BTM JMA<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, Anthony Riggio ("Plaintiff" or "Riggio") alleges as follows for his complaint:

/ / /

/ / /

## INTRODUCTION

1. Plaintiff Anthony Riggio, through his attorneys, brings this action to challenge the actions of California Business Bureau, Inc., ("CBB" or "Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff's damage.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to plaintiffs' counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

5. Any violations by any Defendant were done knowingly, willfully, and intentionally, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to general state jurisdiction.

7. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

8. Plaintiff Anthony Riggio is a natural person who resides in the City of San Diego, County of San Dego, State of California.

9. Plaintiff resides in San Diego County, as defined by 28 U.S.C. § 1391c(1), the judicial district in which this lawsuit is brought.

10. At the time of the substantial part of the events or omissions giving rise to the claim occurred, specifically, Riggio received a phone call from CBB from its physical office located in the City of San Diego, County of San Diego, State of California.

11. Because a substantial part of the events or omissions giving rise to the claim occurred in San Diego County, venue is proper pursuant to 28 U.S.C. §1391b(2).

12. At all times relevant, CBB conducted business within the State of California.

**PARTIES**

13. Anthony Riggio is a natural person who resides in the County of San Diego, State of California.

14. Defendant California Business Bureau, Inc. is a California corporation with its principle place of business in San Diego, California.

15. Plaintiff is obligated or allegedly obligated to pay a debt, and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

16. CBB is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

17. Riggio is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Riggio, and is a "debtor" as that term is defined by California Civil Code §1788.2(h).

18. Defendant, in the ordinary course of business, regularly, on behalf of itself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and therefore is a debt collector as that term is defined by California Civil Code § 1788.2(c).

19. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

## CALLS TO ANTHONY RIGGIO

20. Sometime before September 2014, Riggio is alleged to have incurred certain financial obligations for medical services.

21. These alleged financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

22. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore individually considered a "debt" as that term is defined by California

4
COMPLAINT FOR DAMAGES

Civil Code § 1788.2(d), and a "consumer debt" as that term is defined by California Civil Code § 1788.2(f).

23. Sometime thereafter but before around September 2014, CBB alleges that Riggio fell behind in the payments allegedly owed on the alleged debt, even though Riggio disputes CBB's allegation.

24. Riggio has in the past and currently disputes the validity of this alleged debt that CBB has attempted collection on because, among other things, he believes that he has fully paid for all requested medical services during the time period at issue.

25. Subsequently, but before September 2014, the alleged debt was assigned, placed, or otherwise transferred to CBB for collection.

26. In or around September 2014 and continuing through the date of filing this action, CBB has repeatedly telephoned Riggio on his cellular telephones, always demanding payment of the alleged debt in each and every call. Defendant placed multiple calls per day to Riggio.

27. These communications to Riggio were each a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and the first of which was an "initial communication" consistent with the definition of that term under 15 U.S.C. § 1692g(a).

28. Defendant's communications fall within the definition of "debt collection" as Cal. Civ. Code § 1788.2(b) defines that phrase, and the first of which was an "initial communication" consistent with the definition of that term under 15 Cal. Civ. Code § 1812.700(b).

5
COMPLAINT FOR DAMAGES

29. CBB contacted Riggio through his cellular telephone during the time at issue such that the calls were continuous and harassing, in violation of 15 U.S.C. § 1692d.

30. Riggio never consented to allowing CBB to call his cellular telephone, which among other things, makes Defendant's calls to his cellular telephone all the more harassing.

31. Defendant spoke with Riggio on numerous occasions, each time failing to advise him that it was a debt collector and instead stating they were representatives of CBB.

32. Defendant's name falsely implies that CBB is vouched for, bonded by, or affiliated with the State of California as its "Business Bureau" in violation of 15 U.S.C. § 1692e(1).

33. During various calls from CBB to Riggio, it repeatedly failed to inform Riggio that it (through its representatives) was a debt collector attempting to collect a debt and that any information obtained during those calls would be used for that purpose, in violation of 15 U.S.C. § 1692e(11).

34. During various calls, Defendant represented that the alleged debt upon which it was collecting and that Riggio allegedly owed was accruing interest even though Riggio never agreed to allow interest or any other type of fees accrue on the medical services for which he has already paid. Defendant's representation violates 15 U.S.C. § 1692f(1).

35. CBB did not send Riggio a notice of his rights to dispute the alleged debt at issue within five days of CBB's initial communication with Riggio in violation of 15 U.S.C. § 1692g.

36. During at least two telephone conversations in or around September 2014, CBB used the unfair, deceptive, and coercive tactic of threatening it would report the alleged debt to credit reporting bureaus if Riggio did not pay within five days of its call, thus violating 15 USC § 1692e and overshadowing any rights under 15 USC § 1692g that CBB may have in fact been conveyed to Riggio, if any.

37. During one collection call from CBB to Riggio, Riggio requested that Defendant stop calling his cell phone.

38. CBB consciously disregarded Riggio's request, and continued calling him on his cell phone for the purposes of harassment.  CBB knew Riggio did not want repeated calls made to his cell phone, and CBB's representative conceded as much when the representative told Riggio that CBB called to give him another chance to make a payment on the account.

39. Through these actions, CBB placed a telephone call without meaningful disclosure of the caller's identity.  Consequently, Defendant violated 15 3 U.S.C. § 1692d(6).

40. Through these actions, Defendant caused a telephone to ring or engaged a person in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.  Consequently, Defendant violated 15 U.S.C. § 1692d(5).

41.   Through these actions, Defendant caused a telephone to ring repeatedly or continuously to annoy the person called.  Consequently, Defendant violated Cal. Civ. Code § 1788.11(d). Through this conduct, Defendant communicated, by telephone or

in person, with Plaintiff with such frequency as to be unreasonable and to constitute harassment to Plaintiff under the circumstances. Consequently, Defendant violated Cal. Civil Code §141788.11(e).

42. Through these actions, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

43. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

## CAUSES OF ACTION

### COUNT I
### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692 ET SEQ.

44. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

45. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

46. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

/ / /

## COUNT II

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)
## CAL. CIV. CODE §§ 1788-1788.32

47. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

48. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32.

49. As a result of each and every violation of the Rosenthal Act, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

a.  An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b.  An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.  An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

d.  An award of actual damages pursuant to California Civil Code § 1788.30(a);

e. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

f. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

g. Treble damages pursuant to California Civil Code § 3345.

h. For such further relief the Court deems necessary, just and proper.

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: June 10, 2015                                        Respectfully Submitted,

__/s/_____
Christopher Dryden, Esq.  SBN 234476
James C. Huber, Esq.   SBN 267448
5411 Avenida Encinas, Suite 280
Carlsbad, CA 92008
Telephone: (888) 846-8901
Fax:  (888) 846-8902
E-mail:  cdryden@glrlegal.com